Curia, per

Johnston, Ch.
The fact, that the counsel in' the Circuit Court atteiided exclusively to the question of sur-vivorship, which was the leading one in the case, must be my apology for two palpable errors into which I fell, in delivering-my judgment. It certainly was a strange misconception to suppose, as I did, that the bequest of otíe half the crops was to Alwyn & Elias 0; Ball, conjointly, whereas the will expressly directs that it “be equally divided between my brothers,-Alwyn & Elias' Octavus, until my nephew*' Elias Nonus, is of age;” and then to him, &c.
The cases quoted, in Percival vs. Thomas, ai‘e an unbroken current of authority that the direction, to' divide equally between the two' brothers, created a several,an d not joint interest in them. The consequence is that, upon the death of Al-wyn, in the life time of the testator, his interest in this legacy lapsed, and for want of a residuary clause, became devisable between the testator’s wife and mother.
The other error relates to'the half of the crops given to' Mrs. ílall. This half is given to her during her life, and if she should die during the minority of Elias Nonus, then the income, from the time of her decease until Nonus shall attain majority, is to be divided between Alwyn and Elias Octavus. But there is no bequest of this part of the crops beyond the time of Nonus’ majority, either to Nonus, himself, or to any other person. Mrs! Ball died during the minority of Nonus, by which event one moiety of this half of the crops vested in Elias Octavus Ball until the majority of Nonus, at which time it becomes intestate and distributable between the representatives of Mrs. Ball and the mother of Mr. Ball. The other moiety, which would have gone to Alwyn, lapses inprcesenti, *114 in consequence of his death, and is distributable, as intestate-between the same persons.
To this extent the decree must be reformed. In other respects- the Court is satisfied with its correctness and it must be affirmed.
Upon the leading; question, of survivorship, the decree does not proceed on any principles df law, either new,, or speculative. It assumes that the burden of proof is upon the plaintiffs and that they must produce convincing evidence. What more could the appellant desire? The more I have considered the testimony, the more am I satisfied with the conclusion adopted in the circuit decree. The form of a decree was proposed here for the purpose of carrying the circuit decree into effect.. It should have been proposed to the Circuit Court,, and has been mislaid..
Bnt leave is given to apply to the Circuit Court for any decree, or direction necessary to cany its decision, as now modified, into effect
Harper and Dunicin, Ch., concurred.